**STATE, Plaintiff-Appellee, v. WILSON, Defendant-Appellant.**

Ohio Appeals, Second District, Montgomery County.

No. 1912.   Decided December 17, 1946.

Mathias H. Heck, Prosecuting Attorney, Dayton, for Plaintiff-Appellee.

Gus W. Byttner, Dayton, for Defendant-Appellant.

## OPINION

By HORNBECK, P. J.:

This is an appeal from a judgment and sentence of the offense of cutting with intent to wound.   Three errors are argued in the brief of appellant which we take up and consider in the order presented.

1.   The verdict of the jury is contrary to and manifestly against the weight of the evidence and is contrary to law.

This assignment requires determination if the verdict of the jury is supported by or manifestly against the weight of the evidence. It is urged that he prosecuting witness was not entitled to belief because of inconsistency, improbability and lack of truth of his statements Upon the material and determinative question, namely, whether or not the defendant cut him with a knife, he is definite and explicit. That he was cut permits of no doubt. He identifies the defendant as the person who wielded the knife and states the circumstances under which it was done. True, little motive appears for the conduct of the defendant but the prosecuting witness states what the defendant said to him when she cut him.

This manifestly would not be sufficient to justify the assault by any well purposed or law abiding person, but this was not the intention or attitude of the defendant; she said that the prosecuting witness had been talking about a Martha Cooper and in her state of mind this was sufficient cause for the assault.

If there were variations in the testimony of the prosecuting witness as set out in the brief of appellant, they were on immaterial and inconsequential matters but whatever they were, or if it be conceded that they were untrue statements, the defendant had the benefit of them before the jury and they all lessened the credibility of the testimony against her.

But it is urged that another person, Martha Cooper, told the authorities that she had done the cutting. The identity of the assailant of the prosecuting witness became an issue of fact, which, even in the face of Martha Cooper's admission, the jury had a right to and did resolve against the defendant.

Careful consideration of this record presents no sufficient reason to support a determination of this court that the verdict was unsupported by or contrary to the weight of the evidence.

2. Misconduct of the prosecuting attorney.

The prosecutor inquired of the defendant:

"Have you ever been arrested and convicted of a crime?"

To which she answered:

"Yes, I was arrested and convicted of manslaughter—I was in the city court about the car and different other things. I think it was around about four or five times."

This was a proper question and manifestly any harm, if it occurred, to the defendant was in her answer and, particularly, that part which was not responsive to the question. The prosecutor then inquired:

"What were the other things?"

To which the witness replied:

"It is all right. There is no secret."

Then this question:

"What did you mean to say you were called in about the car and other things?"

To this question objection was interposed and sustained. We perceive no prejudice resulting to the defendant by the record which we have quoted. The objectionable portion of the answer was volunteered and there was no motion to strike it nor do we draw any conclusion that what occurred, if fully explained, would have reacted against the defendant. As a matter of fact she seemed to have no fear of it and characterized it as "all right." However, the trial judge took care of the situation as properly and expeditiously as could have been done under the circumstances and we cannot say that any prejudice resulted therefrom.

3. Error in the charge to the jury.

The language particularly questioned is the following paragraph:

"It is not always possible to prove an intent to wound nor is it essential, in law, that it should be inferred from any evidence, if the jury are satisfied that any facts have been established from which intent may be reasonably inferred."

We have some difficulty in making differentiation from an inference that may be drawn from facts appearing and an inference drawn from the evidence. They would appear to be identical. Immediately following the paragraph which we have quoted the court expressly charged the jury that if it had any reasonable doubt that the defendant did cut the prosecuting witness with intent to wound and that she did it maliciously, then they should find her not guilty of cutting with intent to wound.

The facts in this case as adduced by the prosecution permit of no other conclusion than that the defendant wilfully and maliciously cut the prosecuting witness, if she cut him at all, and the inadvertence in that part of the charge quoted could not have affected the rights of the defendant which were carefully protected by the charge in its entirety.

Exception is also noted to that part of the charge at page 134 of the Bill of Exceptions as follows:

"You are instructed that any unlawful beating or other wrongful physical violence or constrain inflicted on a human being, without his consent, is assault and battery."

The emphasized portion of the paragraph is that to which the objection of appellant is directed. We have not seen a definition of assault and battery containing the language emphasized and, in our judgment, it is not an element of assault and battery although technically a constraint might constitute an assault. However, it will be noted that the elements set out in the charge are in the alternative, an unlawful beating or unlawful physical violence or constraint inflicted on a human being, etc. There was no factual development in this case to which the objectionable language could have any application whatever. The jury could not have applied it to the facts and it could not have disadvantaged the defendant. There was, however, proof of one of the alternative elements of assault and battery, namely, wrongful physical violence.

A further reason why the inadvertance in the definition of assault and battery could not prejudice the defendant is that she was not convicted of assault and battery but of a higher offense.

Further objection is made to this language in the charge:

"If a witness sees, hears and testifies to the commission of the ultimate fact to be proven, that is what we call direct or positive evidence."

It is insisted that the emphasized portion of the part of the charge quoted is objectionable in that positive is a stronger term than direct evidence and that it is a misnomer.

It is immaterial whether the court characterized the evidence which he described as direct or positive inasmuch as he properly defined the elements thereof. That is to say, that evidence which a witness sees, hears and testifies as constituting an ultimate fact is characterized in law as direct or positive evidence. However, these two types of evidence are frequently referred to as identical and we find no prejudicial error whatever in the language employed in the charge.

It is also asserted that the forms of verdict presented and which the jury returned were improper. The court charged the jury that one of the forms to be presented would be:

"We, the jury, upon the issues joined in this case, do find the defendant, Lucille Wilson, guilty of cutting **with intent** to wound **in the manner and form** as she stands charged in the Indictment." (Emphasis ours.)

The form returned by the jury was:

"We, the jury, upon the issues joined in this case, do find the Defendant, Lucille Wilson, guilty of cutting to wound, as she stands charged in the Indictment."

It is urged that the verdict, as returned, does not necessarily include the finding that the cutting was done with intent to wound and in the manner and form as charged in the indictment. This is a highly technical objection and, in our opinion, is without substantial support. The language "As she stands charged in the indictment" together with the general finding that the defendant was guilty of cutting to wound, in our judgment, establishes that the jury found in its verdict all of the essential elements of the offense of cutting with intent to wound under the statute.

We are cited to Rifllemaker v State, 25 Oh St 395, wherein the verdict was merely to effect "guilty of cutting with intent to wound" without any other or further statement relating to the charge in the indictment. In Heller v State, 23 Oh St 582, 584, the verdict under consideration expressly found the defendant guilty of shooting with intent to kill while in a fit of passion and excitement but without malice. Manifestly the jury by the characterization that the act was committed without malice withdrew an essential to the general finding of guilt of the offense charged.

Upon this whole record we are satisfied that the interests of the defendant were protected. The factual questions for determination under the law were simple. The defendant was capably represented and the argument here made on the material question relates particularly to the improbability that this defendant committed the act. Manifestly this question was in the realm of fact, one peculiarly for the jury.

We find no error assigned established to the prejudice of the appellant.

The judgment will be affirmed.

WISEMAN and MILLER, JJ, concur.